**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective and Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MARIA GARCIA CHANTEZ and AURORA CHAVEZ JIMENEZ, Individually and on Behalf of All Others Similarly Situated,** <br><br> **Plaintiffs,** <br><br> -against- <br><br> **VICTORY HOSPITALITY MANAGEMENT LLC d/b/a RAMADA BY WYNDHAM HOTEL STATEN ISLAND, VICTORY HOSPITALITY LLC, PRESIDENT HOSPITALITY LLC d/b/a SUPER 8 BY WYNDHAM BROOKLYN PARK SLOPE, SASHIN S. GANDHI and RINAL C. GANDHI, Jointly and Severally,** <br><br> **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

Plaintiffs Maria Garcia Chantez and Aurora Chavez Jimenez (the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

## NATURE OF THE ACTION

1.     Plaintiffs are current and former housekeepers, laundry employees, and general maintenance staff employees at Defendants' hotels located in Staten Island and Brooklyn, New York.  For their work, during the relevant time period, Plaintiffs were not paid minimum wages for all hours worked and were not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.     Plaintiffs bring this action to recover unpaid minimum wages and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.     Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management hotel employees working for Defendants in New York during the six-year period preceding the filing of this complaint.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to

the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7.      <u>Plaintiff Maria Garcia Chantez</u> ("Garcia") was, at all relevant times, an adult individual residing in Kings County, New York.

8.      <u>Plaintiff Aurora Chavez Jimenez</u> ("Chavez") was, at all relevant times, an adult individual residing in Richmond County, New York.

9.      Throughout the relevant time period, Plaintiffs performed work for Defendants at two (2) of their several hotels, including Ramada by Wyndham Staten Island Hotel, located at 535 North Gannon Avenue, Staten Island, New York 10314 and Super 8 by Wyndham Brooklyn Park Slope, located at 267 3rd Avenue, Brooklyn, New York 11215.

10.      Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

11.      Victory Hospitality Management LLC is an active New York Corporation doing business as "Ramada by Wyndham Hotel Staten Island", with its principal place of business at 535 Gannon Avenue, Staten Island, New York 10314, and DOS process address at PO Box 320195 Brooklyn, New York 11232.

12.      According to the New York State Department of State, Division of Corporations, Victory Hospitality Management LLC was registered on October 15, 2012.

13.     Victory Hospitality LLC is an active New York Corporation, with its principal place of business at 535 Gannon Avenue, Staten Island, New York 10314, and DOS process address at PO Box 320195 Brooklyn, New York 11232.

14.     According to the New York State Department of State, Division of Corporations, Victory Hospitality LLC was registered on January 5, 2010.

15.     Upon information and belief, Victory Hospitality Management LLC and Victory Hospitality LLC, at all times relevant, were located at the same address, managed by the same persons, and shared the same resources and personnel.

16.     Upon information and belief, at all times relevant, the Individual Defendants used assets from Victory Hospitality LLC to operate Victory Hospitality Management LLC, including to pay the cash wages to the employees of Ramada by Wyndham Staten Island Hotel.

17.     President Hospitality LLC is an active New York Corporation doing business as "Super 8 by Wyndham Brooklyn Park Slope", with its principal place of business at 267 3rd Avenue, Brooklyn, New York 11215, and DOS process address at PO Box 231099 Great Neck, New York 11023.

18.     According to the New York State Department of State, Division of Corporations, President Hospitality LLC was registered on August 5, 2009.

19.     Victory Hospitality Management LLC, Victory Hospitality LLC, and President Hospitality LLC are hereinafter referred to collectively as the "Corporate Defendants."

20.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs.

21.     At all relevant times, the Corporate Defendants operated together as a single

business enterprise utilizing the same practices and policies.

22.     Defendants' hotels, which are operated through the Corporate Defendants, are engaged in related activities, share common ownership and management, share supplies and employees, and have a common business purpose.

23.     Upon information and belief, Defendant Shashin S. Gandhi ("S. Gandhi") is an owner and operator of the Corporate Defendants who set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein, and appears at the New York State Department of State, Division of Corporations, as the registered agent for the Victory Hospitality LLC corporation.

24.     Upon information and belief, Defendant Rinal C. Gandhi ("R. Gandhi") is an owner and operator of the Corporate Defendants who set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

25.     Defendants Shashin S. Ghandhi and Rinal C. Ghandhi are hereinafter referred to collectively as the "Individual Defendants" and, together with the Corporate Defendants, the "Defendants."

26.     The Individual Defendants maintained operational control over the Corporate Defendants and jointly managed Ramada by Wyndham Staten Island Hotel and Super 8 by Wyndham Brooklyn Park Slope by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiffs.

27.     The Individual Defendants jointly employed Plaintiffs, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the

employees by the same methods, and sharing control over the employees.

28.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

29.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

31.     At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

32.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

33.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since June 10, 2017 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Ramada by Wyndham Staten Island Hotel and/or Super 8 by Wyndham Brooklyn Park Slope Hotel (the "Collective Action Members").

6

34. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

35. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## **FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

36. Pursuant to the NYLL, Plaintiffs bring their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants at any time since June 10, 2014 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Ramada by Wyndham Staten Island Hotel and/or Super 8 by Wyndham Brooklyn Park Slope Hotel (the "Class Members").

37. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

38. The Class Members are so numerous that joinder of all members is impracticable.

39. Upon information and belief, there are well in excess of forty (40) Class Members.

7

40.     <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

a.   whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

c.   whether Defendants failed and/or refused to pay Plaintiffs and the Class Members minimum wage for all hours worked;

d.   whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.   whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts or split shifts in excess of ten (10) hours;

f.   whether Defendants failed to provide Plaintiffs and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g.   whether Defendants failed to provide proper wage notice to Plaintiffs and Class Members at the beginning of their employment and/or on February 1 of each year and/or when their wage rate(s) changed, as required by the NYLL;

h.   whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

41. <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, were housekeepers and general maintenance staff employees at Defendants' hotels who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift and/or split shift of ten (10) or more hours, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

42. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

43. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

44. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

45. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

46. The individual members of the Class have no interest or capacity to bring separate

9

actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

**STATEMENT OF FACTS**

**Defendants Hotels Businesses**

47.     Upon information and belief, during the relevant time period, Defendants have owned and operated at least eleven (11) hotels in New York State, including the two (2) hotels where the Plaintiffs worked and these others:

- Best Western Plus Brooklyn Bay Hotel – located at 3003 Emmons Avenue, Brooklyn, New York 11235;

- Super 8 by Wyndham Long Island City LGA Hotel – located at 31-62 14th Street, Long Island City, New York 11106;

- Oasis Motel – located at 120-91 Flatlands Avenue, Brooklyn, New York 11207;

- Riviera Motor Inn – located at 2969 Atlantic Avenue, Brooklyn, New York 11208;

- Marina Motel – located at 134 Montauk Hwy, Lindenhurst, New York 11757;

- Howard Johnson Brooklyn Prospect Park – located at 235 24th Street, Brooklyn, New York 11232;

- La Quinta Inn & Suite by Wyndham Brooklyn Downtown – located at 533 3rd Avenue Brooklyn, New York 11215;

- Best Western Jamaica Inn – located at 87-07 Van Wyck Expressway, Jamaica, New York 11435; and

- Jericho Motel – located at 32 Jericho Turnpike, New York 11753.

48.     Defendant Victory Hospitality Management LLC d/b/a Ramada by Wyndham Staten Island Hotel is part of the midscale brands hotel franchise portfolio of Wyndham Hotels & Resorts. (*See* https://development.wyndhamhotels.com/brand/ramada).

49.     According to the website for Ramada by Wyndham Staten Island Hotel, the hotel is *"… conveniently located off I-278 near College of Staten Island and Wagner College. …Times Square is 30 minutes from our hotel, so explore all the incredible opportunities that Manhattan has to offer. …With 250 square feet of event space, our hotel features 1 meeting room, which can be arranged to accommodate 25 conference guests…"* (https://www.wyndhamhotels.com/ramada/staten-island-new-york/ramada-staten-island-hotel/overview).

50.     Defendant President Hospitality LLC d/b/a Super 8 by Wyndham Brooklyn Park Slope Hotel is part of the value brands hotel franchise portfolio of Wyndham Hotels & Resorts. (https://development.wyndhamhotels.com/brand/super-8-by-wyndham/).

51.     According to the website for Super 8 by Wyndham Brooklyn Park Slope Hotel, the hotel is: *"…[l]ocated in the Park Slope neighborhood, our hotel is close to I-278 and I-478 and just a few miles from Manhattan.  With comfortable, convenient amenities, our hotel is the perfect choice for business and leisure travelers alike."* (https://www.wyndhamhotels.com/super-8/brooklyn-new-york/super-8-brooklyn-park-slope-hotel/overview).

52.     The Individual Defendants have operated and managed Super 8 by Wyndham Brooklyn Park Slope Hotel, since in or around 2009, and Ramada by Wyndham Staten Island Hotel, since in or around 2010.

53.     Upon information and belief, Defendants S. Ghandi and R. Ghandi are a constant

presence at the hotels, where they manage and/or check in on their managers and the operations of the hotels and take an active role in ensuring that the hotels are run in accordance with their procedures and policies.

54. Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at Ramada by Wyndham Staten Island Hotel and Super 8 by Wyndham Brooklyn Park Slope Hotel, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

55. Upon information and belief, the Individual Defendants, directly or through their agents and employees, operate and manage all their hotels, including Ramada by Wyndham Staten Island Hotel and Super 8 by Wyndham Brooklyn Park Slope Hotel, with the same or substantially similar employment practices and policies, and through common management, ownership and financial control.

**Plaintiffs' Work for Defendants**

56. **Plaintiff Maria Garcia Chantez** has been employed by Defendants as a housekeeper, laundry employee, and general maintenance hotel staff employee at their Ramada by Wyndham Staten Island Hotel, since in or around April 2010 to the present (the "Garcia Employment Period").

57. During the relevant time period, from in or around 2014 to in or around 2017, Plaintiff Garcia was typically scheduled to work six (6) days per week. Plaintiff Garcia was generally scheduled to worked from approximately 8:00 am to between approximately 4:00 pm and 5:00 pm, for a total of approximately forty-eight (48) to fifty-four (54) hours per week.

12

58.     From in or around 2017 to in or around 2018, Plaintiff Garcia was scheduled to work five (5) days per week, with the same hours, from approximately 8:00 to between approximately 4:00 pm to 5:00 pm, for a total of approximately forty (40) to forty-five (45) hours per week.

59.     From in or around 2018 to in or around 2019, Plaintiff Garcia was scheduled to work three (3) days per week, with a modified work schedule. From 2018 to the present, Plaintiff Garcia typically work from approximately from 9:00 am to approximately 4:00 pm, for a total of approximately thirty-five (35) hours per week. If for some reason the manager in charge changed her schedule, Plaintiff Garcia could work from approximately 8:00 am to approximately 3:00 pm, resulting in approximately thirty-five (35) hours per week.

60.     Finally, from in or around January 2020 to the present, Plaintiff Garcia has been scheduled to work two (2) days per week, from either approximately 9:00 am to approximately 4:00 pm, or from approximately 8:00 am to approximately 3:00 pm, for a total of approximately sixteen (16) to eighteen (18) hours per week. During the months of March and April 2020, and due to the COVID-19 crisis, Plaintiff Garcia was not scheduled to work any days at the hotel and was only call to return to work the second week of May 2020.

61.     For her work during 2014, Plaintiff Garcia was paid the amount of approximately seven dollars and fifty cents ($7.50) per hour, for all hours worked, including those beyond forty (40) in a given workweek. Soon after, in or around 2015, Plaintiff Garcia was paid the amount of approximately eight dollars and twenty-five cents ($8.25) per hour, for all hours worked, including those beyond forty (40) in a given workweek. In 2016, Plaintiff Garcia was paid the amount of eight dollars and fifty cents ($8.50) per hour, for all hours worked, including those beyond forty

(40) in a given workweek.

62.     From in or around the beginning of 2017 to approximately mid-2017, Plaintiff Garcia was paid the amount of ten dollars and fifty cents ($10.50) per hour, for all hours worked, including those beyond forty (40) in a given workweek. In or around mid-2017, Plaintiff Garcia and two (2) other employees of the hotel, approached Individual Defendant R. Ghandi to inquire about why they were always paid less than the legally-required minimum wage and less than other employees at the hotel. Defendant R. Ghandi explained to Plaintiff Garcia and the other 2 employees, that they were paid less due to the fact that they were paid in cash, "off-the-books", and for that reason they were working more hours and their wages were not subject to tax deductions.

63.     Around mid-2017, the New York State Department of Labor initiated an investigation against another hotel of Defendants R. Ghandi and S. Ghandi and, in light of that investigation, and other investigations that started against the Ramada Hotel, Defendants began paying to certain individuals, but not to every employee of Defendants, the legally-required minimum wage. For the remaining portion of 2017, Plaintiff Garcia was paid the amount of eleven dollars ($11.00) per hour, for all hours worked, including those beyond forty (40) in a given workweek.

64.     Upon information and belief, during the relevant time period, whenever the Department of Labor visited the Defendants' hotels, Plaintiffs and certain other employees of Defendants were instructed by Defendants, or by their managers, to pretend to be customers of the hotel rather than employees, so that the Department of Labor would not interview them regarding the wages they received, among other information.

65.     From in or around 2018 to in or around 2019, Plaintiff Garcia was paid the amount of thirteen dollars ($13.00) per hour, for all hours worked, including those beyond forty (40) in a given workweek.  From in or around 2019 to the present, Plaintiff Garcia has been paid the amount of fifteen dollars ($15.00) per hour.   In or around May 2019, Plaintiff Garcia provided to Defendants a valid tax ID and thereafter was paid her wages "on-the-books".

66.     Plaintiff Garcia was not paid the legally-required minimum wage for a good portion of her employment period and overtime premiums of one and one-half (1.5) times her regular hourly rate for hours worked over forty (40) each workweek, from the beginning of Plaintiff Garcia Employment Period, until in or around 2018.

67.     From the beginning of Plaintiff Garcia Employment Period, until in or around 2019, Plaintiff was paid bi-weekly and received her wages entirely in cash, without a pay stub or any other wage statement that provided information regarding hours worked or the wage rate(s) paid during the work week.  Plaintiff received her payment from the managers in charge at the hotel, or from the hands of Individual Defendant R. Ghandi, in a white envelope, with her name written on the front.

68.     From in or around 2019 to the present, Plaintiff Garcia has been paid by-weekly and received her wages by check with a pay stub that generally reflected the number of hours worked during the given workweek.

69.     **Plaintiff Aurora Chavez Jimenez** was employed by Defendants as a housekeeper, laundry employee, and general maintenance hotel staff employee at their Super 8 by Wyndham Brooklyn Park Slope Hotel and Ramada by Wyndham Staten Island Hotel, since in or around 2012 to in or around October 2018, when she suffered an accident at work that rendered unable to

perform her duties (the "Chavez Employment Period").

70.     Plaintiff Chavez worked solely at Super 8 by Wyndham Brooklyn Park Slope Hotel from in or around 2012 to in or around 2014, when she was transferred by Defendants to Ramada by Wyndham Staten Island Hotel.

71.     During the relevant time period, from in or around 2014 to in or around 2018, Plaintiff Chavez was typically scheduled to work five (5) days per week. From in or around 2014 to in or around 2015, Plaintiff Chavez generally worked from approximately 9:00 am to between approximately 5:00 pm and 7:00 pm, for a total of approximately forty-five (45) to fifty (50) hours per week.

72.     During this period of time, from in or around 2014 to in or around 2015, Plaintiff Chavez was regularly requested to cover shifts for absent employees at Super 8 by Wyndham Brooklyn Park Slope Hotel.  On those occasions, if Plaintiff was requested by Defendants to cover for an absent employee at Super 8, at the end of the week, she was paid in the same manner as if she worked the entire week at the Ramada Hotel.

73.     From in or around 2015 to the end of the Chavez Employment Period, Plaintiff Chavez generally worked five (5) days per week, from approximately 9:00 am to approximately 4:00 pm, for a total of approximately thirty-five (35) hours per week.  However, during this time period, Plaintiff Chavez was consistently, almost on a weekly basis, requested to cover for absent employees at the hotel, adding approximately three (3) shifts of seven (7) hours to her regular schedule.  These additional shifts frequently began at the end of her regular shift and thereby prolonged her shift to 11:00 pm. On other occasions, these additional shifts were from approximately 3:00 pm to 10:00 pm on a day that Plaintiff Chavez was not scheduled to work.

With these added shifts, Plaintiff Chavez was working, on average, a total of approximately fifty-six (56) hours per week.

74. For her work, since the moment she started her work with Defendants at Super 8 by Wyndham Brooklyn Park Slope Hotel, and later at Ramada by Wyndham Staten Island Hotel, Plaintiff Chavez was told by Defendant R. Ghandi that she would be paid at the legally-required minimum wage of that time; however, Plaintiff Chavez never verified by calculating her hours and wages if she was in fact receiving that amount. Based on that presumption, for her work during 2014, Plaintiff Chavez was paid the amount of eight dollars ($8.00) per hour, for all hours worked, including those beyond forty (40) in a given workweek. During 2015, for her work, Plaintiff Chavez was paid the amount of eight dollars and seventy-five cents ($8.75) per hour for all hours worked, including those beyond forty in a given workweek.

75. During 2016, Plaintiff Chavez was paid the amount of nine dollars ($9.00) per hour, for all hours worked, including those beyond forty in a given workweek. During 2017, Plaintiff Chavez was paid the amount of eleven dollars ($11.00) per hour, for all hours worked, including those beyond forty (40) in a given workweek. Finally, during her last year of employment, in 2018, Plaintiff Chavez was paid the amount of thirteen dollars ($13.00) per hour, for all hours worked, including those beyond forty (40) in a given workweek.

76. Throughout the Chavez Employment Period, Plaintiff Chavez was not paid overtime premiums of one and one-half (1.5) times her regular hourly rate for hours worked over forty (40) each workweek.

77. Throughout the Chavez Employment Period, Plaintiff Chavez was paid bi-weekly and received her wages entirely in cash, without a pay stub or any other wage statement that

provided information about hours worked or the wage rate(s) paid during the work week. Plaintiff Chavez received her payment from Individual Defendant R. Ghandi, inside an envelope, with her name written on the front.

78. During Plaintiff Garcia and Chavez's respective employment periods at the Ramada by Wyndham Staten Island Hotel and Super 8 by Wyndham Brooklyn Park Slope Hotel, Defendants tracked the hours worked by Plaintiffs initially through a punching machine and thereafter through a hand scanner. Despite the existence of these timekeeping systems, Plaintiffs and other employees of Defendants often had hours missing from their wages and had to complain with managers and the Individual Defendants to request payment of those missing hours, which requests were frequently denied.

79. During their respective employment periods, although Plaintiffs frequently worked a spread of more than ten (10) hours per day and/or split shifts, especially at the beginning of their respective employment periods with Defendants, Plaintiffs did not receive spread-of-hours premiums equal to an additional hour at the applicable minimum wage for such days.

80. Throughout their respective employment periods, Plaintiffs were not provided with wage notices at hiring, annually by February 1 of each year, or when their pay rates changed.

81. Throughout their respective employment periods, Plaintiffs were not provided with proper wage statements detailing, among other information, their hours worked and wage rate(s) with their wage payments each week.

**Defendants' Unlawful Corporate Policies**

82. Plaintiffs and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime

premiums, and spread-of-hours premiums.

83. Plaintiffs have spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked. Defendants' failure to pay Plaintiffs minimum wages for all hours worked is a corporate policy of Defendants which applied to all of their non-management employees throughout the Class Period.

84. Plaintiffs have spoken with other employees of Defendants who were similarly paid at the same hourly rate for all hours worked, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiffs overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applied to non-management employees throughout the Class Period.

85. Defendants' failure to pay Plaintiffs spread-of-hours premiums for days in which Plaintiffs have worked a spread of more than ten (10) hours and/or a split shift is a corporate policy which applied to all of their non-management employees who worked more than ten (10) hours in a day and/or a split shift throughout the Class Period.

86. Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment. Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week.

87. Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage statements

with their weekly wage payments and wage notices at hiring, by February 1 of each year, or when their wage rate(s) changed.

88.     Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

89.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

90.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

91.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

92.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## <u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

93.    Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

94.    By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

95.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

96.    Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID MINIMUM WAGE</u>
### (Brought on Behalf of Plaintiffs and the Class Members)

96.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

97.     Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

98.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

99.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

100.    Defendants willfully violated Plaintiffs and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

101.    Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
### (Brought on Behalf of Plaintiffs and the Class Members)

102. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

103. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the applicable minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 190, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

104. Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES
### (Brought on Behalf of Plaintiffs and the Class Members)

105. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

106. Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiffs and the Class

Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

107. Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS</u>**
**(Brought on Behalf of Plaintiffs and the Class Members)**

108. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

109. Defendants have willfully failed to supply Plaintiffs and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

110. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i. Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j. Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per

Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k. An award of prejudgment and post-judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      June 10, 2020

          Respectfully submitted,

          **PELTON GRAHAM LLC**

          By: _____
          Brent E. Pelton (BP 1055)
          pelton@peltongraham.com
          Taylor B. Graham (TG 9607)
          graham@peltongraham.com
          111 Broadway, Suite 1503
          New York, New York 10006
          Telephone: (212) 385-9700
          Facsimile: (212) 385-0800

          *Attorneys for Plaintiffs and the putative*
          *FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Victory Hospitality LLC, Victory Hospitality Management LLC d/b/a Ramada by Wyndham Hotel Staten Island, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____          _____
Signature                                 Printed Name


## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Victory Hospitality LLC, Victory Hospitality Management LLC d/b/a Ramada by Wyndham Hotel Staten Island y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagadas las horas extras y los salarios minimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentancion de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_Maria Garcia_                            _Maria Garcia_
Firma                                     Nombre Escrito


This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Victory Hospitality LLC, Victory Hospitality Management LLC d/b/a Ramada by Wyndham Hotel Staten Island, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____
Signature

AUNORA CHAVEZ. JIMENEZ
Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Victory Hospitality LLC, Victory Hospitality Management LLC d/b/a Ramada by Wyndham Hotel Staten Island y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagadas las horas extras y los salarios minimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentancion de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen èxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que le sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

AUNORA CHAVEZ. JIMENEZ
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.