UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARIA GARCIA CHANTEZ and AURORA
CHAVEZ JIMENEZ, *individually and on behalf of
all others similarly situated,*

                      Plaintiffs,

- against -

VICTORY HOSPITALITY MANAGEMENT LLC,
d/b/a RAMADA BY WYNDHAM HOTEL STATEN
ISLAND, VICTORY HOSPITALITY LLC,
PRESIDENT HOSPITALITY LLC, d/b/a SUPER
8 BY WYNDHAM BROOKLYN PARK SLOPE,
SASHIN S. GANDHI and RINAL C. GANDHI,

                      Defendants.

**ORDER**
**20 CV 2590 (LB)**

-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

On June 10, 2020, plaintiffs filed a complaint alleging that defendants violated the Fair Labor Standards Act ("FLSA") and provisions of the New York Labor Law ("NYLL") by failing to pay overtime compensation, the minimum wage, and to provide wage statements and notice. ECF No. 1. On March 29, 2021, the parties moved for Court approval of their settlement agreement. Motion for Settlement Approval, "Mot. Settle." ECF No. 24; Settlement Agreement, "Settle. Agree." ECF No. 24-2. I reviewed the parties' proposed settlement. For the reasons set forth herein, the settlement agreement is approved as fair and reasonable.[1]

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved, if the proposed

---

[1] The parties consented to the jurisdiction of a Magistrate Judge for all purposes under 28 U.S.C. § 636(c). ECF No. 21.

agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14-CV-311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

Here, the parties have agreed that defendants shall pay plaintiffs a total settlement amount of $150,000. The first installment is a total gross amount of $30,000, in the form of eleven (11) checks, due within 30 days of the approval of the Agreement. Settle. Agree. at ¶ 7(A). Each month thereafter, for twelve (12) months, defendants shall pay $10,000 in the form of eleven (11) checks. Id. at ¶ 7(B). The amounts that each plaintiff shall receive in each installment are detailed in a chart titled "Schedule A." Id. at p. 16. Defendants shall deliver all checks to plaintiffs' counsel. Id. at ¶ 7(B).[2]

This is a fair and reasonable settlement. This amount is inclusive of plaintiffs' costs, $1,278.38, and attorney's fees consisting of $49,573.87. ECF No. 24. Upon review of plaintiffs' counsel's contemporaneous billing records, ECF No. 24-4, the circumstances of the case, the work required to resolve this matter, and the fact that the attorney's fees set forth in the agreement are 1/3 of the total settlement amount, the Court finds that plaintiffs' request for attorney's fees and costs is reasonable. See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

The settlement agreement does not include a general release[3] nor does it contain a confidentiality clause. However, it does contain a mutual non-disparagement clause. Settle. Agree. at ¶ 11. A provision in an FLSA settlement agreement that "restricts an employee's ability to discuss his or her experience in

---

[2] The parties have also executed confessions of judgment which plaintiffs' counsel shall hold in escrow. If defendants fail to make payments to plaintiffs as set by this schedule, plaintiffs shall notify defendants and if the default is not cured within ten (10) business days of receipt of written notice, the settlement agreement provides that plaintiffs' counsel shall file the confession of judgment. Settle. Agree. at ¶ 8.

[3] The release of claims is limited to claims asserted against defendants which "arise from the non-payment of wages for hours worked, minimum wage, overtime work performed, break time, tips, missed meal or rest periods, spread of hours pay or violations of any and all laws concerning hours worked or payment of wages or overtime, including, without limitation, claims under the federal Fair Labor Standards Act, the New York Labor Law (NYLL), or any other federal, state, or local wage and hour laws…." Settle. Agree. at ¶ 5.

litigating a FLSA wage and hour case 'runs afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair.'" Zapata v. Bedoya, No. 14-CV-4114, 2016 WL 4991594, at * 2 (E.D.N.Y. Sept. 13, 2016) (quoting Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592, 2015 WL 129723, at *3 (S.D.N.Y. Jan. 9, 2015)); see also Martinez v. Gulluoglu LLC, No. 15-CV- 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (collecting cases) (explaining the Court's objection to non-disparagement clauses in FLSA actions). To the extent that such a clause "prohibits only defamatory statements and does not bar truthful statements about plaintiff's experience litigating the case…it does not offend the public policy principles that prohibit outright gag clauses." Lopez v. Poko-St. Ann L.P., 176 F.Supp.2d 340, 345, n.1 (S.D.N.Y. 2016) (internal quotations omitted). Here, the mutual non-disparagement clause contains a "carve-out" provision permitting the parties to make truthful statements about their experience in this litigation. Settle. Agree. at ¶ 11 ("Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Pending Action or the settlement."). Thus, I find the mutual non-disparagement clause is acceptable.

Accordingly, the Court approves the settlement agreement. The Clerk of Court shall close the case. SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 1, 2021
　　　　Brooklyn, New York